FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2023 APR -4 PM 3:37

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES OF AMERICA

v.                                        CASE NO. 3:23-cr-57-BJD-LLL

JONATHAN CORBETT COSIE                    21 U.S.C. § 331(a)
                                          21 U.S.C. § 333(a)(2)

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At times material to this Information:

1. JONATHAN CORBETT COSIE ("COSIE") was a resident of Jacksonville in the Middle District of Florida. He was the owner of various businesses including HCGRX LLC a/k/a HEALTH CONSCIOUS GROUP RX LLC ("HCGRX"), which advertised and sold injectable drugs, including drugs labeled as "Chorionic Gonadotrophin Injection I.P. (Human Chorionic Gonadotrophin) Ovidac® 5K HCG 5000 IU" and "Ultra$^{HP}$ HCG Human Chorionic Gonadotropin for Injection IP 5000IU" to consumers via his website HCGRX.com.

2. The United States Food and Drug Administration ("FDA") was the agency of the United States charged with the responsibility of protecting

the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA") and by ensuring, among other things, that drugs sold for use by humans were safe and effective for their intended uses and bore proper labeling.

3. Under the FDCA, "interstate commerce" meant commerce between any State or Territory and any place outside thereof, and commerce within the District of Columbia or within any other Territory not organized with a legislative body. 21 U.S.C. § 321(b).

4. Under the FDCA, "drugs" were defined as, among other things, articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; articles (other than food) intended to affect the structure or any function of the body of man or other animals; and articles intended for use as a component of any such articles. 21 U.S.C. § 321(g)(1).

5. "Intended use" referred to the objective intent of the persons legally responsible for labeling the product and was determined by such persons' expressions or may be shown by the circumstances surrounding the distribution of the article, labeling claims, advertising matter, or oral or written statements by such persons or their representatives. 21 C.F.R. § 201.128.

6. Under the FDCA, "label" meant a display of written, printed, or graphic matter upon the immediate container of any article. 21 U.S.C. § 321(k). The term "labeling" was defined as all labels and other printed or graphic matter upon any article or any of its containers or wrappers, or accompanying such article. 21 U.S.C. § 321(m).

7. A "new drug" was defined as any drug "the composition of which is such that such drug was not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the conditions prescribed, recommended, or suggested in the labeling thereof." 21 U.S.C. § 321(p)(1).

8. A drug was misbranded under the FDCA if its labeling failed to bear "adequate directions for use," unless it complied with regulations promulgated by FDA exempting it from that requirement. 21 U.S.C. § 352(f)(1).

9. "Adequate directions for use" meant directions under which a layperson could use a drug safely for the purposes for which it was intended. 21 C.F.R. § 201.5.

10. Under the FDCA, a "prescription drug" was any drug intended for use in humans that, because of its toxicity or other potentiality for harmful

effect, or the method of its use, or the collateral measures necessary for its use, was not safe for use except under the supervision of a practitioner licensed by law to administer such drug; or was limited by an approved application under 21 U.S.C. § 355 for use under the professional supervision of a practitioner licensed by law to administer such drug.  21 U.S.C. § 353(b)(1).

11.   Because a prescription drug, by definition, was safe for use only under the supervision of a licensed practitioner, there were no directions that could enable a layperson to use a prescription drug safely.  Therefore, adequate directions for use could not be written for a prescription drug.

12.   Accordingly, a prescription drug was misbranded if it did not comply with FDA regulations that exempt prescription drugs from the adequate directions for use provision.  For a drug that was a "new drug" within the meaning of 21 U.S.C. § 321(p), compliance with such regulations required that the drug be approved by FDA for its intended use and that its labeling conform to the terms of that approval.  21 C.F.R. § 201.115; 21 C.F.R. § 201.100(c)(2).

13.   The FDCA prohibited the doing or causing of the introduction or delivery for introduction into interstate commerce of any drug that was misbranded.  21 U.S.C. § 331(a).

14. Human chorionic gonadotropin ("HCG") was a hormone produced by the placenta during pregnancy. FDA has approved several HCG-containing prescription drugs for the treatment of female infertility and for other medical conditions. FDA has not approved any HCG-containing products for weight loss.

15. According to COSIE'S website (HCGRX.com), "Chorionic Gonadotrophin Injection I.P. (Human Chorionic Gonadotrophin) Ovidac® 5K HCG 5000 IU" and "Ultra$^{HP}$ HCG Human Chorionic Gonadotropin for Injection IP 5000IU" were intended for, among other things, weight loss and diets.

16. Both of these products were new drugs that were not approved by the FDA. They also met the definition of a prescription drug under the FDCA.

## COUNTS ONE AND TWO

### Introduction of Misbranded Drugs into Interstate Commerce

17. Paragraphs 1 through 16 of the General Allegations section of this Information are re-alleged and incorporated by reference as though fully set forth herein.

18. From on or about the dates specified as to each count listed below, in the Middle District of Florida, and elsewhere, the defendant,

5

JONATHAN CORBETT COSIE,

did, with the intent to defraud and mislead, introduce and deliver for introduction and cause to be introduced and delivered for introduction into interstate commerce, drugs, as set forth in each count below, that were misbranded in the following way: the labeling of the drugs failed to bear adequate directions for use, pursuant to 21 U.S.C. § 352(f)(1), and the drugs were not exempt from this requirement.

| Count | Approximate Date | Drug Labeled As | Introduction into Interstate Commerce |
|---|---|---|---|
| One | April 9, 2019 | Chorionic Gonadotrophin Injection I.P. (Human Chorionic Gonadotrophin) Ovidac® 5K HCG 5000 IU | Shipped from Florida to Texas |
| Two | April 18, 2020 | Ultra$^{HP}$ HCG Human Chorionic Gonadotropin for Injection IP 5000IU | Shipped from Florida to Alabama |

In violation of 21 U.S.C. §§ 331(a) and 333(a)(2).

## FORFEITURE

1.  The allegations contained in Counts One and Two of this Information are hereby re-alleged and incorporated by reference for the

6

purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7), 21 U.S.C. § 334, and 28 U.S.C. § 2461(c).

2. Upon conviction his conviction for any and all of the violations alleged in Counts One and Two, the defendant shall forfeit to the United States of America any new drug that had not been approved by the FDA when introduced into interstate commerce, as well as any drug that was misbranded when introduced into interstate commerce, pursuant to 21 U.S.C. § 334 and 28 U.S.C. § 2461(c).

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value;

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 18 U.S.C § 982(b)(1) and 28 U.S.C. § 2461(c).

        ROGER B. HANDBERG
        United States Attorney

By:  *[signature]*
        David B. Mesrobian
        Assistant United States Attorney

By:  *[signature]*
        Kelly S. Karase
        Assistant United States Attorney
        Deputy Chief, Jacksonville Division